Entered on Docket
July 29, 2015

EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
JUL 28 2015
SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

FILED
JUL 29 2015
U.S. BANKRUPTCY COURT
SANTA ROSA, CA

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NC-14-1352-PaJuKl |
| STEVEN PAUL WILDHABER, SR., DBA Designs Luminaire, | Bankr. No. 14-10875 |
| Debtor. | |
| STEVEN PAUL WILDHABER, SR., | |
| Appellant, | |
| v. | M E M O R A N D U M[1] |
| DAVID BURCHARD, Chapter 13 Trustee, | |
| Appellee. | |

Submitted Without Oral Argument[2]
on July 23, 2015

Filed - July 28, 2015

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Alan Jaroslovsky, Bankruptcy Judge, Presiding

Appearances: Steven Paul Wildhaber, Sr. on brief pro se; Lilian G. Tsang on brief for appellee David Burchard, Chapter 13 Trustee.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[2] After reviewing the briefs and submissions of the parties, in an order of June 3, 2015, the Panel determined that oral argument is not required in this appeal.

-1-

Before: PAPPAS, JURY, and KLEIN,[3] Bankruptcy Judges.

Steven Paul Wildhaber, Sr. ("Debtor") appeals the order of the bankruptcy court dismissing his chapter 13[4] case for failure to file his chapter 13 plan timely. We AFFIRM.

## I. FACTS

Debtor filed a chapter 13 petition on June 11, 2014, to prevent a foreclosure on his residence by the Brookside of Napa Homeowners Association (the "HOA"). That same day the bankruptcy court entered and sent Debtor a copy of an "Order to File Required Documents and Notice Regarding Automatic Dismissal" (the "Order"). The Order advised Debtor that he had failed to file certain required documents with his petition, including a chapter 13 plan, and advised him that the court might dismiss his case if he did not file the documents within fourteen days of the petition. On June 26, 2014, the bankruptcy court entered an Order of Dismissal because Debtor had not filed the missing documents, as the Order had warned.

On July 9, 2014, Debtor filed a chapter 13 plan, twenty-eight days after the petition date. Also on July 9, Debtor filed a timely notice of appeal of the Order of Dismissal. In his statement of issues on appeal, Debtor alleged that he sent all the required documents, except the chapter 13 plan, via overnight mail

---

[3] The Honorable Christopher M. Klein, Chief Judge of the United States Bankruptcy Court for the Eastern District of California, sitting by designation.

[4] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all Civil Rule references are to the Federal Rules of Civil Procedure 1-86.

-2-

to the bankruptcy court on June 24, 2014. With respect to the plan, Debtor candidly admitted that he had intentionally withheld filing it because, in his words:

> As I prepared the documents required by the Order to File, I could not see how the Plan could be reliable or predictive, without first knowing the Court's determination of the Brookside HOA Claim. On June 24, 2014 I shipped all but the Ch[apter] 13 Plan to the Bankruptcy Court building . . . .

Debtor explained that the documents he did send to the bankruptcy court had been delivered on June 25, 2014, but not to the correct address. Rather, Debtor noted, the documents had been sent to a different location in the building housing the court and had not been delivered appropriately to the clerk of the bankruptcy court until June 30, 2014.

On August 8, 2014, Debtor filed an informal request that this Panel remand the appeal to the bankruptcy court so it could consider a motion for reconsideration of the Order of Dismissal. On August 11, 2014, the Panel granted a limited remand to allow the bankruptcy court to decide Debtor's reconsideration motion.

Debtor then filed a "motion to reopen" his case on August 13, 2014, in the bankruptcy court. Debtor stated in the motion that he had sent "all required documents, except the Chapter 13 Plan" within fourteen days of the filing of his petition but, as described above, the documents were delivered to the wrong office at the courthouse. As to his chapter 13 plan, Debtor explained "[a]s a first-time bankruptcy petitioner, lacking experience with the filing process, I was challenged to assemble and structure a reliable projection for a Ch[apter] 13 Plan at that preliminary date."

-3-

The 'motion to reopen' the case, which had not been closed, was treated as a motion seeking relief from the dismissal order.

In response to Debtor's motion to reopen, in a memorandum and order entered on August 24, 2014, the bankruptcy court wrote:

> The debtor appears to believe that his Chapter 13 case was dismissed because his schedules were a day late due to being sent to the wrong address. However, the case was dismissed only because he failed to file a Chapter 13 plan. Rule 3015(b) of the Federal Rules of Bankruptcy Procedure requires that a Chapter 13 plan be filed within 14 days of the petition and does not permit extensions except after proper notice and a showing of good cause. The debtor did not file his plan until 28 days after the petition, the same day he filed his notice of appeal. The court will hear the debtor's motion to reopen his case on September 10, 2014, at 1:30 P.M., provided that he immediately serve his motion, all related papers, and this order on all of his creditors and file a certificate thereof.

Notice of the September 10, 2014 hearing was sent to all parties in interest in the bankruptcy case by the clerk. On September 8, 2014, the HOA filed an opposition to Debtor's motion, arguing that dismissal of the case was appropriate due to Debtor's failure to file the chapter 13 plan timely, and that it would be prejudiced by further delays in the foreclosure proceeding.

The bankruptcy court heard Debtor's motion on September 10, 2014; Debtor appeared pro se and the HOA was represented by counsel.[5] On the same day, the court entered an Order Denying Motion, which provided, in full,

> To the extent that the Debtor's bankruptcy papers may have been slightly late due to his delivery of them to the wrong part of the

---

[5] The Panel was not provided a transcript of the September 10, 2014 hearing.

-4-

Case: 14-10875   Doc# 44   Filed: 07/29/15   Entered: 07/29/15 13:24:46   Page 4 of 12

> building, the neglect was slight and excusable. However, the Debtor's Chapter 13 plan was not among those papers. The Debtor has not shown any excusable neglect for his violation of Rule 3015(b) of the Federal Rules of Bankruptcy Procedure. Accordingly, his motion for reinstatement of his case is denied.

Debtor did not file an amended notice of appeal seeking review of the bankruptcy court's September 10, 2014 order. However, on September 12, 2014, Debtor filed with the Panel a "Status Report" addressing the outcome of the limited remand. In it, Debtor alleged he was treated inappropriately by the bankruptcy court in resolving his motion, something he insisted would be apparent if the Panel would review a transcript of the hearing. However, Debtor did not provide a transcript. Finally, Debtor stated "I hope [the Panel] will act on this."

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

Whether the bankruptcy court erred in dismissing Debtor's case for failure to file a chapter 13 plan timely.

Whether the bankruptcy court erred in denying Debtor's motion for relief from the dismissal order.

## IV. STANDARDS OF REVIEW

The bankruptcy court's dismissal of a chapter 13 case is reviewed for an abuse of discretion. Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1223 (9th Cir. 1999); Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 914 (9th Cir. BAP 2011). Under this standard, we first "determine de

novo whether the court identified the correct legal rule to apply to the relief requested." United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). If the bankruptcy court applied the correct legal rule, we then determine whether the court's "application of the correct legal standard was: '(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record.'" United States v. Aguilar, 782 F.3d 1101, 1105 (9th Cir. 2015) (quoting Hinkson, 585 F.3d at 1261-62) (internal quotation marks omitted).

The bankruptcy court's denial of a motion for relief from an order is reviewed for an abuse of discretion. Bateman v. United States Postal Serv., 231 F.3d 1220, 1223 (9th Cir. 2000).

## V. DISCUSSION

**A. The bankruptcy court did not err in dismissing Debtor's case for failure to file a chapter 13 plan timely.**

Debtor argues that the bankruptcy court erred by its "premature dismissal" of the chapter 13 case based upon his failure to file a plan timely because such omission is not "good cause" for a dismissal. Appellant's Op. Br. at 12. We disagree.

Section 1307(c) provides a non-exhaustive list of what constitutes "cause" to convert or dismiss a chapter 13 case. In re Ellsworth, 455 B.R. at 914. As relevant here, § 1307(c)(3) specifies that cause to convert or dismiss a case exists if there is a "failure to file a plan timely under section 1321 of this title[.]" Section 1321, in turn, provides that "[t]he debtor shall file a plan," and Rule 3015(b) establishes the deadline for timely doing so:

-6-

> **Chapter 13 Plan.** The debtor may file a chapter 13 plan with the petition. If a plan is not filed with the petition, it shall be filed within 14 days thereafter, and such time may not be further extended except for cause shown and on notice as the court may direct . . . .

Here, there is no dispute that Debtor did not file a plan with his chapter 13 petition on June 11, 2014, or within fourteen days thereafter. Debtor also did not seek nor obtain bankruptcy court approval for an extension of time to file his plan.[6] Debtor's failure to comply with the deadline also contravened the bankruptcy court's Order which expressly advised Debtor that his case could be dismissed if he failed to file required documents, including the chapter 13 plan, within fourteen days of the petition.

Debtor concedes he made a deliberate, albeit perhaps misinformed decision, to delay filing his chapter 13 plan, despite the warning in the Order. A debtor's failure to file the plan within fourteen days of the petition, or to obtain an extension of time from the bankruptcy court to do so, violated Rule 3015(b) and the Order. This constituted adequate cause for the bankruptcy court to dismiss Debtor's case under § 1307(c)(3). See Tennant v. Rojas (In re Tennant), 318 B.R. 860, 870-71 (9th Cir. BAP 2004) (explaining that "if a case involves only very narrow procedural aspects, a court can dismiss a Chapter 13 case without further notice and a hearing if the debtor was provided with notice of the requirements to be met . . . . [A] procedure is perfectly appropriate that notifies the debtor of the deficiencies of his

---

[6] A motion for an extension of time to file a chapter 13 plan is governed by Rule 9006(b).

-7-

petition and dismisses the case sua sponte without further notice and a hearing when the debtor fails to file the required forms within a deadline.") (internal quotation marks and citations omitted). Because the bankruptcy court identified the correct legal rule in deciding whether to dismiss Debtor's case, it did not abuse its discretion in concluding that, based upon these undisputed facts, the case should be dismissed.

**B. We summarily affirm the bankruptcy court's order denying Debtor's motion for relief from the order on limited remand.**

The Panel granted Debtor's request for a limited remand to the bankruptcy court so it could consider Debtor's motion for relief from the dismissal order. While Debtor's motion in the bankruptcy court did not cite any particular authority for the relief he requested, it was clear that he was asking the court to reconsider its decision to dismiss the case. Debtor generally argued, as he does in this appeal, that he did not file his chapter 13 plan timely because he believed, at such an early point in the case, a plan would not represent what he called a "reliable projection" of his situation due to the unsettled issues existing with the HOA's claim.

On September 10, 2014, the bankruptcy court conducted a hearing on Debtor's motion and, apparently, announced its decision. The bankruptcy court then entered an order stating, in relevant part, that "Debtor has not shown any excusable neglect for his violation of Rule 3015(b) of the Federal Rules of Bankruptcy Procedure. Accordingly, his motion for reinstatement of his case is denied." After the bankruptcy court denied Debtor's motion, Debtor sent the "Status Report" to the Panel

-8-

advising of the bankruptcy court's ruling, suggesting that we review a transcript of the hearing and requesting that the Panel "act on" the bankruptcy court's order. However, Debtor failed to provide a transcript of the hearing.[7]

Although Debtor did not file an amended notice of appeal to include the bankruptcy court's order on limited remand, we review that order by construing Debtor's "Status Report" as an amended notice of appeal. See Smith v. Barry, 502 U.S. 244, 248-50 (1992) (construing pro se's appellate brief as a potential notice of appeal); Brannan v. United States, 993 F.2d 709, 710 (9th Cir. 1993) (construing a letter from a pro se appellant as a notice of appeal). However, based upon Debtor's failure to provide a transcript, we must summarily affirm the order on limited remand.

While the relief requested in his motion in the bankruptcy court was imprecise and lacked citation to any authorities, we construe it to be a motion for relief from the dismissal order under Civil Rule 60(b)(1),[8] as incorporated by Rule 9024. This

---

[7] Our review of the bankruptcy court's docket shows a transcript of the hearing was neither requested by Debtor nor prepared.

[8] The Civil Rule provides:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect . . . .

Civil Rule 60(b)(1). When a party files a motion for reconsideration within fourteen days after the entry of a
(continued...)

-9-

rule allows the bankruptcy court to grant a party relief from a final order or judgment for reasons including, "mistake, inadvertence, surprise, or excusable neglect." Civil Rule 60(b)(1). The movant bears the burden of demonstrating one of the grounds provided in the Civil Rule. Engleson v. Burlington N. R.R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992). "[D]etermination of whether neglect is excusable [under Civil Rule 60(b)(1)] is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for delay; and (4) whether the movant acted in good faith." Bateman, 231 F.3d at 1223-24 (citing Pioneer Inv. Servs. Co. v. Brunswich Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997)); see also Pincay v. Andrews, 389 F.3d 853, 855-56 (9th Cir. 2004) (en banc).

The Ninth Circuit has instructed that "courts should explicitly use the Pioneer-Briones framework for analysis of excusable neglect under [Civil] Rule 60(b)(1)[.]" Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009). However, even if the trial court fails to explicitly apply the Pioneer-Briones test, reversal may not be required if the court engaged in the

---

[8](...continued) judgment, the motion is treated as one under Civil Rule 59(e), incorporated to bankruptcy proceedings by Rule 9023. Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 249 F.3d 892, 898-99 (9th Cir. 2001). If it is beyond that period of time, the motion is treated as a motion for relief from a judgment or order under Civil Rule 60(b). Id. In this case, Debtor's motion was filed well beyond the fourteen day period after the dismissal order, and it should be reviewed under Civil Rule 60(b).

equitable analysis described in those cases. Id. at 1193; Bateman, 231 F.3d 1224.

In this case, as reflected in its order denying Debtor's motion, the bankruptcy court decided Debtor had not demonstrated that his failure to file a plan timely resulted from excusable neglect. However, lacking a transcript of the motion hearing with the bankruptcy court's findings, conclusions, or comments, we are unable to determine whether the court engaged in a Pioneer-Briones excusable neglect analysis.

Debtor was obliged to provide the Panel with a record of the proceedings in the bankruptcy court adequate to allow us to review the court's order. Here, Debtor's failure to provide a transcript of the motion hearing is grounds to summarily affirm the bankruptcy court's decision. See Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187, 1190-91 (9th Cir. 2003); Kyle v. Dye (In re Kyle), 317 B.R. 390, 393 (9th Cir. BAP 2004). "When findings of fact and conclusions of law are made orally on the record, a transcript of those findings is mandatory for appellate review." Clinton v. Deutsche Bank Nat'l Trust Co. (In re Clinton), 449 B.R. 79, 83 (9th Cir. BAP 2011) (citing McCarthy v. Prince (In re McCarthy), 230 B.R. 414, 417 (9th Cir. BAP 1999)); Rule 8009; 9th Cir. BAP R. 8009-1. "Without a transcript, it is impossible to determine why the bankruptcy court ruled as it did." In re Clinton, 449 B.R. at 83. That Debtor is not represented by counsel in this appeal does not excuse him from complying with these rules. Id. Because Debtor did not provide the transcript the record provided is incomplete as a matter of law. Id. (citing In re McCarthy), 230 B.R. at 417). We therefore

-11-

summarily affirm the order of the bankruptcy court on limited remand.

## VI.  CONCLUSION

We AFFIRM the order of the bankruptcy court dismissing Debtor's chapter 13 case and we AFFIRM the court's denial of Debtor's motion for relief from the order.

-12-